UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN F. HODGE,

    Plaintiff,                               Civil No. 2:18-13456
                                                 HON. GERSHWIN A. DRAIN
                                                 UNITED STATES DISTRICT JUDGE
v.

WASHTENAW COUNTY JAIL,
ET. AL.,

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING CIVIL RIGHTS COMPLAINT

### I. Introduction

John F. Hodge, ("Plaintiff"), incarcerated at the Washtenaw County Jail in Ann Arbor, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is summarily denied without prejudice.

### II. Standard of Review

Plaintiff has been permitted to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). Title 28 U.S.C. § 1915(e)(2)(B) states:

1

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff is a pre-trial detainee lodged at the Washtenaw County Jail in Ann Arbor, Michigan on pending criminal charges. Plaintiff claims that a $ 5,000.00 cash bond was set by Judge Vivian Valvo of the 14A-1 District Court in Washtenaw County, Michigan, one of the named defendants herein. Over plaintiff's objections, Judge Valvo adjourned the preliminary examination to order plaintiff to undergo a forensic examination regarding his mental competency to stand trial. Plaintiff alleges that Judge Valvo lacked subject matter jurisdiction to either set bond, to adjourn his preliminary examination, or to order a competency examination. A mental competency examination was conducted at which time plaintiff was found competent to stand trial. Plaintiff claims, however, that his attorney, who is not named as a defendant, asked for a second mental competency examination, which was also ordered. Plaintiff claims that Judge Valvo and two other district court judges who have been named as defendants, Judge E.P. Hines

and Judge David Swartz, have deprived him of his freedom by refusing his requests to discharge the bail bond by allowing him to post a "government obligation" or some other form of security in lieu of posting a cash bond. Plaintiff claims that several named defendants who work at the Washtenaw County Jail have also refused to allow him to discharge his bail bond, informing him that he will need to get one of the judges to modify the bond conditions. Plaintiff's primary allegations are that the defendants denied him his constitutional rights by refusing to permit him to use alternatives to cash to obtain his release on bail pending trial. Plaintiff also claims that Judge Valvo violated her oath of office and lacked subject matter jurisdiction to order him to undergo a mental competency examination. Plaintiff seeks declaratory and injunctive relief and monetary damages.

## IV. Discussion

The complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks release on bond, his appropriate remedy would be by filing a petition for writ of habeas corpus, but only after first exhausting his available state court remedies.

Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he or she seeks is a determination that he or she is

entitled to an immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *See also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). If a prisoner or detainee alleges that he or she is entitled to be released on probation or bond or parole, his or her proper route to do so is by filing a petition for writ of habeas corpus. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's request to be released on bail is a challenge to his confinement which can only be challenged by means of a petition for writ of habeas corpus and is thus non-cognizable in a civil rights complaint. *See Sanders v. Neace*, 1986 WL 16733, * 1, 787 F.2d 592 (6th Cir. Mar. 18, 1986)(Table); *See also Giallorenzo v. Beaver Cty.*, 241 F. App'x 866, 867 (3d Cir. 2007).

To the extent that plaintiff is seeking to be released on bond, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for

writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001); *See also Dillon v. Hutchinson,* 82 F. App'x. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his IAD claim with the state courts).

To the extent that plaintiff is seeking habeas relief from any pending criminal charges, he would not be entitled to relief. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state

procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).

Finally, plaintiff would not be entitled to any monetary damages from his incarceration. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff is required to show that the conviction or sentence was reversed on direct appeal, expunged by an executive order, invalidated by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). The *Heck* doctrine applies to challenges to confinement brought by pre-trial detainees like plaintiff. *See Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001). Because plaintiff does not allege that his confinement has been invalidated by any of the procedures outlined in *Heck*, his challenges to his pre-trial confinement are not cognizable under § 1983. *Id.*

The Court dismisses the case. Because the Court is dismissing the plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

The complaint lacks any arguable basis in the law. This Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See*

*Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint [docket entry 1] is **DISMISSED WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [docket entry 9] is **DENIED**.

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

Dated: April 5, 2019

                                             s/Gershwin A. Drain
                                             HON. GERSHWIN A. DRAIN
                                             United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

                                             s/Teresa McGovern
                                             Case Manager